## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

ECOBEE, INC.,

       Plaintiff,

v.

CJC DISTRIBUTORS, SHOPPERS FARM,
and EXOCIRCUIT,

       Defendants.

———————————————————————

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES

Plaintiff ecobee, Inc. ("ecobee" or "Plaintiff") by and through its undersigned counsel, complains of defendants CJC Distributors, shoppers farm, and Exocircuit (together, "Defendants") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.    Plaintiff seeks injunctive relief and monetary damages for Defendants' trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq*., as well as related state law claims, arising from Defendants' infringing conduct.

2.    ecobee sells its products through a nationwide network of Authorized Resellers. ecobee's Authorized Resellers are contractually obligated to provide specific quality controls regarding the ecobee Products that they offer for sale and sell to consumers.

3.    ecobee also does not permit its Authorized Resellers to transship ecobee Products to other, unauthorized resellers.  Instead, ecobee permits its Authorized Resellers only to sell to end-users of ecobee products.

4.     Upon information and belief, Defendants could only have obtained the inventory of ecobee Products that they are offering for sale through the knowing solicitation and procurement of ecobee Products from one or more of ecobee's Authorized Resellers, through intentional and knowing interference with these Resellers' advantageous business relationships with ecobee, or by obtaining ecobee Products through fraudulent or illicit means.

5.     Defendants have undertaken these wrongful acts with full knowledge that ecobee sells its products through an exclusive network of Authorized Resellers who receive specialized training regarding such products and the manner in which they are to be quality controlled, sold, and promoted, and that those Resellers are prohibited, under their Authorized Reseller Agreements or normal business practices with ecobee, from transshipping ecobee Products.

6.     Further, ecobee sells its products under the "ecobee" brand.  ecobee is the owner of a federally-registered trademark ECOBEE®, and has been the sole and exclusive owner of that trademark since 2009.

7.     Defendants offer for sale and sell purportedly "new" ecobee Products bearing this registered trademark through websites including but not limited to Amazon.com.  However, unauthorized Resellers selling ecobee Products are not trained in, nor capable of providing, the specific quality controls for ecobee Products that ecobee requires of its Authorized Resellers.  Put simply, ecobee Products bearing the ecobee trademark that are sold by unauthorized Resellers are materially different from ecobee Products sold by ecobee or its Authorized Resellers.

8.     By selling trademark ecobee Products as "new," Defendants are representing to consumers that the products they purchase from Defendants will be subject to the same quality control standards as ecobee Products sold by ecobee or its Authorized Resellers, when in fact

they are not.  This means that, for example, a consumer purchasing a "new" ecobee Product from an unauthorized Reseller on Amazon.com (such as Defendants) might receive a product meant for sale to professional installers (such as contractors) or a product that is only intended for sale in another region, not the United States, contrary to his/her expectations.

9.    Consumers are likely to be and have been actually confused by Defendants' sale of ecobee Products that are materially different from products sold by ecobee and its Authorized Resellers.

10.    Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of consumers and ecobee.

11.    As a result of Defendants' actions, ecobee is suffering a loss of the enormous goodwill that ecobee has created in its trademarks and is losing profits from lost sales of products.  This action seeks permanent injunctive relief and damages for Defendants' trademark infringement, tortious interference, and unfair competition.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

13.    This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

14.    Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts and this District pursuant to Mass. Gen. Laws ch. 223A §3 because (a) Defendants have sold numerous products into the Commonwealth and this District; (b)

Defendants have caused tortious injury to ecobee's trademarks within the Commonwealth and this District; (c) Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth and this District; (d) Defendants regularly conduct or solicit business within the Commonwealth and this District; (e) Defendants regularly and systematically direct electronic activity into the Commonwealth and this District with the manifest intent of engaging in business within the Commonwealth and this District, including the sale and/or offer for sale to Internet users within the Commonwealth and this District; and (f) Defendants enter into contracts with residents of the Commonwealth and this District through the sale of items on various online retail platforms and in Internet auctions.

15.     Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## **PARTIES**

16.     Plaintiff ecobee, Inc. is a Canadian corporation with its principal place of business at 207 Queens Quay West, Suite 600, Toronto, ON M5J 1A7. ecobee designs, manufactures, and sells a variety of smart thermostats and remote sensors for residential and commercial applications ("ecobee Products").

17.     Defendant CJC Distributors is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold or offered to sell products to consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "CJC Distributors."

18.     Defendant shoppers farm is an Amazon Seller Account, whose name and address are presently unknown. It does business or has done business and sold products to consumers,

including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "shoppers farm."

19.     Defendant Exocircuit is an Amazon Seller Account, whose name and address are presently unknown.

20.     Exocircuit does business or has done business and sold products to consumers, including ecobee Products, within the Commonwealth of Massachusetts through various online commerce sites, including, but not limited to, Amazon.com, using the seller name "Exocircuit."

## FACTS

### A.  ecobee's Authorized Reseller Network

21.     To create and maintain goodwill among its customers, ecobee has taken substantial steps to ensure that ecobee-branded products are of the highest quality.  As a result, ecobee has become widely known and is recognized throughout Massachusetts, the United States, and the world as a manufacturer of high quality products.

22.     One of the most significant steps taken in this regard is ecobee's development of a nationwide network of exclusive and authorized Resellers ("Authorized Resellers" and the "Authorized Reseller Network").

23.     As a prerequisite to becoming part of the carefully selected Authorized Reseller Network, ecobee requires that each of its Authorized Resellers execute an agreement[1] (the "Authorized Reseller Agreement"), which requires that such Reseller follow specific quality controls and allows it to sell ecobee Products only at the locations and websites designated in the

---

[1] ecobee utilizes two different contracts, an "Authorized Reseller Agreement" and a "Reseller/Distributor Terms and Conditions of Sale" agreement, depending on its relationship with the counterparty.  For ease of reference, both are referred to herein collectively as "Authorized Reseller Agreements."

Authorized Reseller Agreement.  The terms of the Authorized Reseller Agreement also prohibit the transshipment, diversion, or transfer of any ecobee Products to any other party.

24.     ecobee's requirement that each of its Authorized Resellers agree not to transfer any ecobee Products to any other party is well known in the retail industry, particularly among retailers of smart thermostats and residential remote sensors.  Upon information and belief, Defendants were fully aware of this at all relevant times.

**B.  ecobee's Trademark Usage**

25.     On November 17, 2009, the U.S. Patent and Trademark Office ("USPTO") issued Reg. No. 3,710,918 for use of the ecobee mark on "automated management of residential and commercial buildings" (hereinafter, the "ecobee Mark"):

| Mark | Reg. Date | Reg. No. | Goods/Services |
|------|-----------|----------|----------------|
| ECOBEE | Nov. 17, 2009 | 3,710,918 | Computer software for automated management of residential and commercial buildings, namely, heating, cooling, ventilation, electrical appliances, electrical outlet fixtures, lighting fixtures, entertainment systems, security systems, photovoltaic cells, wind turbines and water irrigation systems; electronic integrated control system featuring hardware and software for automated management of residential and commercial buildings, namely, heating, cooling, ventilation, electrical appliances, electrical outlet fixtures, lighting fixtures, entertainment systems, security systems, photovoltaic cells, wind turbines and water irrigation systems; computer hardware comprised of wire-based and wireless transmitters, receivers, sensors, keypads, switches, controllers, hubs, routers, remote controls, cables, links, adapters, connectors, interfaces, junction boxes, dimmers, and ballasts. |

26.     ecobee is the sole and exclusive owner of the federally registered ecobee Mark on the USPTO's Principal Register.  The ecobee Mark has been in continuous use since at least

2009.  Said registration is in full force and effect, and the ecobee Mark is incontestable pursuant to 15 U.S.C. § 1065.

27.     ecobee owns several other federal trademark and service mark registrations, many of which utilize the ecobee Mark.  Said registrations are in full force and effect.  All of ecobee's trademarks, including the ecobee Mark, are collectively referred to as the "ecobee Marks."

28.     ecobee advertises, distributes, and sells its products to consumers under the ecobee Marks.

29.     ecobee has also acquired common law rights in the use of the ecobee Marks throughout the United States.

30.     ecobee's federal trademark registrations were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of ecobee's exclusive ownership of the ecobee Marks.

31.     ecobee has invested significant time, money, and effort in advertising, promoting, and developing the ecobee Marks throughout the United States and the world.  ecobee has also implemented an Authorized Reseller Network in order to guarantee that ecobee Products sold to consumers meet high standards of quality control.  As a result of such actions, ecobee has established substantial goodwill and widespread recognition in its ecobee Marks, and those marks have become associated exclusively with ecobee and its products by both customers and potential customers, as well as the general public at large.

## C.  Defendants' Infringing and Improper Conduct

32.     Defendants have sold and are currently selling ecobee Products on several online retail platforms, including, but not limited to, Amazon.com.  Defendants represent that the ecobee Products they list for sale on Amazon.com and other websites are "new."

33.     Defendants offer for sale and sell ecobee Products using the ecobee Marks.

34.     ecobee has never authorized or otherwise granted Defendants permission to use the ecobee Marks in the sale of its products or otherwise.

35.     Unauthorized resellers selling ecobee Products are not trained in, nor capable of providing, the specific quality controls for ecobee Products that ecobee requires of its Authorized Resellers.   Put simply, ecobee Products bearing the ecobee trademark that are sold by unauthorized resellers are materially different from ecobee Products sold by ecobee or its Authorized Resellers.

36.     By selling trademark ecobee Products as "new," Defendants are representing to consumers that the products they purchase from Defendants will be subject to the same quality control standards as ecobee Products sold by ecobee or its Authorized Resellers, when in fact they are not.  This means that, for example, a consumer purchasing a "new" ecobee Product from an unauthorized reseller on Amazon.com (such as Defendants) might receive a product meant for sale to professional installers (such as contractors) or a product that is only intended for sale in another region, not the United States, contrary to his/her expectations.

37.     Defendants' continued advertisement, display, and sale of ecobee Products bearing the ecobee Marks has harmed, and continues to harm, ecobee and its relationships with its Authorized Resellers and consumers.

38.     To obtain the inventory of ecobee Products Defendants are offering for sale, Defendants intentionally sought out, directly or indirectly, and purchased ecobee Products from one or more Authorized Resellers.

### D.  The Likelihood of Confusion and Injury Caused by Defendants' Actions

39.     Defendants' actions substantially harm ecobee by placing materially different ecobee Products into the stream of commerce in the United States.

40.     Defendants' actions substantially harm ecobee and its consumers who ultimately purchase Defendants' materially different ecobee Products believing them to be the same genuine, high-quality products that they would receive from ecobee or an Authorized Reseller.

41.     Defendants' conduct results in consumer confusion as well as the dilution of ecobee's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

42.     Defendants' sale of ecobee Products bearing the ecobee Marks without the substantial and specific quality controls that ecobee requires of its Authorized Resellers is likely to cause confusion among consumers regarding ecobee's sponsorship or approval of those products.

43.     Defendants' actions substantially harm consumers who purchase Defendants' products believing they are protected by the substantial quality controls that they have come to expect from ecobee.  Defendants' actions cause consumers to not receive a high-quality ecobee Product as they intended.

44.     The sale of ecobee Products by unauthorized resellers interferes with ecobee's ability to control the quality of products bearing the ecobee Marks.

45.     As a result of Defendants' actions, ecobee is suffering the loss of the enormous goodwill it created in the ecobee Marks.

46.     Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ecobee's irreparable harm.

<u>**COUNT I**</u>
**(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

47.     ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.     This is a claim for federal trademark infringement under 15 U.S.C. § 1114.

49.     The acts of Defendants alleged herein constitute the use in commerce, without the consent of ecobee, of a reproduction, counterfeit, copy, or colorable imitation of the ecobee Marks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe ecobee's rights in the ecobee Marks, all in violation of the Lanham Act.

50.     Defendants have used, and continue to use, the ecobee Marks in the sale of ecobee products that are not subject to ecobee's specific quality controls.  Therefore, the products sold by Defendants are materially different from those offered or sold by ecobee.

51.     Defendants' infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

52.     Defendants' use of the ecobee Marks in the advertisement or sale of materially different products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the ecobee Marks, thereby causing immediate, substantial, and irreparable injury to ecobee.

53.     As a direct and proximate result of Defendants' actions, ecobee has been, and continues to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby, and, unless their conduct is enjoined, ecobee's reputation and goodwill will continue to

suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ecobee is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

<u>**COUNT II**</u>
**(Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. § 1125(a))**

54.     ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

56.     ecobee engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the ecobee Marks, throughout the United States.

57.     The ecobee Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing ecobee's products and services.

58.     By selling or distributing products using the ecobee Marks that are materially different from those sold by ecobee as alleged herein, Defendants are engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to ecobee and its goods and services in violation of 15 U.S.C. § 1125(a).

59.     By advertising or promoting products using the ecobee Marks that are materially different from those sold by ecobee as alleged herein, Defendants are misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

60.     Defendants' continued use of the ecobee Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

61.     Defendants have used, and continue to use, the ecobee Marks to sell products that are materially different from those sold by ecobee in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to ecobee's goodwill and reputation as symbolized by the ecobee Marks, for which ecobee has no adequate remedy at law.

62.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ecobee Marks, thereby causing immediate, substantial, and irreparable injury to ecobee.

63.     By selling and advertising products under the ecobee Marks that are materially different from those sold by ecobee, Defendants are using the ecobee Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without ecobee's consent.  Defendants are falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, ecobee and its goods and services in violation of 15 U.S.C. 1125(a).  Accordingly, ecobee is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

64.     As a direct and proximate result of Defendants' actions, ecobee has been, and continues to be, damaged by Defendants' activities and conduct.  Defendants have profited thereby, and unless their conduct is enjoined, ecobee's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, ecobee is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Tortious Interference With Contract / Business Relations)

65.     ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.     At all relevant times, ecobee has had valid Authorized Resellers Agreements and/or business relationships with its Authorized Resellers of ecobee Products which prohibited the transshipment of ecobee Products to other resellers.

67.     At all relevant times, Defendants had actual knowledge of ecobee's established contractual relationships with its Authorized Resellers, and were aware that ecobee's Authorized Reseller Agreements prohibit the transshipment, diversion, or transfer of any ecobee Products to any other party, directly or indirectly, including, without limitation, Defendants.

68.     ecobee has learned that Defendants have obtained significant inventories of ecobee Products, directly or indirectly, from one or more Authorized Resellers, and have offered for sale and sold, and continue to offer for sale and sell, such products through online commerce sites, including, but not limited to, Amazon.com, to customers throughout the United States including, without limitation, within this judicial district.

69.     Defendants could only obtain the large inventory of ecobee Products that they are offering for sale 1) through the knowing solicitation and procurement of ecobee Products from one or more ecobee Authorized Resellers, 2) through intentional, improper, and knowing interference with the Authorized Resellers' advantageous business relationships with ecobee, or 3) by obtaining ecobee Products from Authorized Resellers through fraudulent or illicit means.

70.     Defendants have knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with ecobee's contractual relationships and its advantageous business relations by, among other things, soliciting, encouraging, inducing, and diverting sales of ecobee

Products.  These actions have interfered with, impeded, and hindered ecobee's relationships with its Authorized Reseller Network, and have caused specific harm to ecobee's contract/business relationships with the Authorized Resellers from whom Defendant improperly procured ecobee Products, and with other Authorized Resellers with whom ecobee has contracted.

71.     Defendants have no privilege or justification for their actions.

72.     Defendants' activities, as alleged, constitute tortious interference with a contract/business relation under the laws of the Commonwealth of Massachusetts.

73.      Defendants have refused to desist from these wrongful acts, and therefore, Defendants have indicated that they intend to continue their unlawful conduct, unless restrained by this Court.

74.     Defendants' actions have proximately caused ecobee damage.

75.     Defendants' actions have irreparably harmed ecobee and its incalculable goodwill in the ecobee brand, and, unless enjoined, will continue to do so in a manner affording ecobee no adequate remedy at law.

## COUNT IV
### (Unfair Competition in Violation of M.G.L. c. 93A)

76.     ecobee hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.     ecobee and Defendants are in the conduct of trade or commerce within the meaning of M.G.L. c. 93A.

78.     As detailed above, Defendants' continued interference and unauthorized sale of ecobee products constitutes an unfair and deceptive business practice.

79.     Defendants' acts have irreparably harmed ecobee and, unless enjoined, will continue to do so in a manner affording ecobee no adequate remedy at law.

80. Defendants have refused to desist from these wrongful acts, and therefore Defendants have indicated that they intend to continue their unlawful conduct, unless restrained by this Court.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff ecobee, Inc. prays for judgment in its favor and against Defendants providing the following relief:

1. Finding that, (i) as to Count I, Defendants' unauthorized sale of ecobee Products infringes on ecobee's registered trademarks, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendants' unauthorized sale of ecobee Products constitutes unfair competition and false designation of origin, in violation of 15 U.S.C. § 1125(a); as to Count III, Defendants have tortiously interfered with ecobee's contract/business relations in violation of the laws of the Commonwealth; and (iv) as to Count IV, Defendants have engaged in willful unfair competition in violation of Mass. Gen. Laws c. 93A; resulting in Defendants, their officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendants, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   a. using the ecobee Marks or any other of ecobee's intellectual property;

   b. acquiring, or taking any steps to acquire, any ecobee Products acquired in violation of ecobee's Authorized Reseller Agreements, or through any other improper or unlawful channels;

    c.  selling, or taking any steps to sell, any ecobee Products unless Defendants can substantiate with documentary evidence that the specific ecobee Products they are listing for sale were not acquired in violation of ecobee's Authorized Reseller Agreements, or through any other improper or unlawful channels;

    d.  engaging in any activity constituting unfair competition with ecobee;

    e.  inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.    Award ecobee its damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and M.G.L. c. 93A;

3.    Award ecobee its reasonable attorneys' fees in bringing this action as allowed by law;

4.    Award ecobee pre-judgment and post-judgment interest in the maximum amount allowed under the law;

5.    Award ecobee the costs incurred in bringing this action; and

6.    Grant ecobee such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

ecobee hereby requests a trial by jury on all causes of action so triable.

Respectfully submitted,

Plaintiff,
ecobee, Inc.,
by its attorney,


*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO # 667290)
morgan.nickerson@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100
(617) 261-3175

Dated: January 27, 2020